Calabrese v AJG Parkview Corp. (2020 NY Slip Op 06089)





Calabrese v AJG Parkview Corp.


2020 NY Slip Op 06089


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-13420 
2016-13456
 (Index Nos. 602920/15, 603044/15)

[*1]James Calabrese, etc., respondent-appellant,
v
AJG Parkview Corp., appellant-respondent. (Action No. 1.)
AJG Parkview Corp., etc., appellant-respondent,
v
Parkview at Salisbury, LLC, et al., respondents- appellants. (Action No. 2.)


Devitt Spellman Barrett, LLP, Smithtown, NY (Scott J. Kreppein of counsel), for appellant-respondent.
Kushnick Pallaci LLC (Robert Hiltzik, Jericho, NY, of counsel), for respondent-appellant in Action No. 1 and respondents-appellants in Action No. 2.



DECISION & ORDER
In two related actions, inter alia, to recover damages for breach of contract and breach of fiduciary duty and for declaratory relief, (1) AJG Parkview Corp., the defendant in Action No. 1 and the plaintiff in Action No. 2, appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered September 8, 2016, and (2) AJG Parkview Corp., the defendant in Action No. 1 and the plaintiff in Action No. 2, appeals, and James Calabrese, the plaintiff in Action No. 1 and a defendant in Action No. 2, and Parkview at Salisbury, LLC, and Calabrese Bros. Development Corp., defendants in Action No. 2, cross-appeal, from an order of the same court entered December 12, 2016. The order entered September 8, 2016, insofar as appealed from, denied those branches of the motion of AJG Parkview Corp. which were for summary judgment declaring that it is entitled to receive distributions in accordance with section 7.2(d) of the operating agreement and on the seventh cause of action in the complaint in Action No. 2. The order entered December 12, 2016, insofar as appealed from, upon reargument, in effect, vacated so much of an order of the same court dated August 22, 2016, as denied that branch of the motion of James Calabrese which was for summary judgment on the fifth cause of action in the complaint in Action No. 1 and granted that branch of the cross motion of AJG Parkview Corp. which was for summary judgment dismissing that cause of action, and, thereupon, granted that branch of the motion, denied that branch of the cross motion, and declared that following the return of AJG Parkview Corp.'s capital contribution of $2,652,000, "[a]ny remaining profit shall be distributed to the members of Parkview At Salisbury LLC on a 50-50 basis." The order entered December 12, 2016, insofar as cross-appealed from, upon reargument, failed to give James Calabrese a credit for his capital contribution and failed to take into account that AJG Parkview Corp. had previously received a distribution of $750,000.
ORDERED that the order entered September 8, 2016, is modified, on the law, by deleting the provision thereof denying that branch of the motion of AJG Parkview Corp. which was for summary judgment declaring that it is entitled to receive distributions in accordance with section 7.2(d) of the operating agreement, and substituting therefor a provision granting that branch of the motion; as so modified, the order entered September 8, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that the cross appeal from the order entered December 12, 2016, is dismissed, as the portions of the order cross-appealed from did not decide a motion made on notice, and we decline to grant leave to appeal (see CPLR 5701[a][2]); and it is further,
ORDERED that the order entered December 12, 2016, is modified, on the law, by deleting the provisions thereof, upon reargument, in effect, vacating so much of the order dated August 22, 2016, as denied that branch of the motion of James Calabrese which was for summary judgment on the fifth cause of action in the complaint in Action No. 1 and, thereupon, granting that branch of the motion and declaring that following the return of AJG Parkview Corp.'s capital contribution of $2,652,000, "[a]ny remaining profit shall be distributed to the members of Parkview At Salisbury LLC on a 50-50 basis," and substituting therefor a provision, upon reargument, adhering to the determination in the order dated August 22, 2016, denying that branch of the motion of James Calabrese which was for summary judgment on the fifth cause of action in the complaint in Action No. 1; as so modified, the order entered December 12, 2016, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith and thereafter the entry of a judgment in Action No. 2, inter alia, declaring that AJG Parkview Corp. is entitled to receive distributions in accordance with section 7.2(d) of the operating agreement; and it is further,
ORDERED that one bill of costs is awarded to AJG Parkview Corp.
The relevant background facts for these related actions are set forth in our determination of a related appeal (see Matter of AJG Parkview Corp. v Calabrese, ___ AD3d ___ [decided herewith]) and will not be repeated here.
In light of our determination of the related appeal (see id.), and for the reasons more fully explained therein, the Supreme Court should have granted that branch of the motion of AJG Parkview Corp. (hereinafter AJG) which was for summary judgment declaring that it is entitled to receive distributions in accordance with section 7.2(d) of the operating agreement, and should not have, upon reargument, declared that following the return of AJG's capital contribution of $2,652,000, "[a]ny remaining profit shall be distributed to the members of Parkview At Salisbury LLC on a 50-50 basis." The court's determinations in this regard rested on an erroneous interpretation of sections 7.2 and 7.3 of the operating agreement.
We agree with the Supreme Court's determination denying that branch of AJG's motion which was for summary judgment on the seventh cause of action in the complaint in Action No. 2, alleging breach of contract. The record presents unresolved triable issues of fact as to whether James Calabrese breached the terms of the operating agreement or its subsequent amendment dated May 21, 2014.
Contrary to the contention of Parkview at Salisbury, LLC, Calabrese Bros. Development Corp., and Calabrese (hereinafter collectively the Calabrese parties), the order entered December 12, 2016, did not, upon reargument, grant those branches of their cross motion which were for summary judgment dismissing the seventh and eighth causes of action in the complaint in Action No. 2, alleging breach of contract. The order entered December 12, 2016, did not alter the prior determination in the order entered September 8, 2016, denying those branches of the Calabrese parties' cross motion.
However, the order entered December 12, 2016, did, in effect, grant reargument, and, upon reargument, grant that branch of Calabrese's motion which was for summary judgment on the [*2]fifth cause of action in the complaint in Action No. 1, alleging breach of contract, and deny that branch of AJG's cross motion which was for summary judgment dismissing that cause of action. Such provisions of the order entered December 12, 2016, should be modified. We agree that Calabrese's submissions, upon reargument, were sufficient to raise triable issues of fact as to whether AJG breached the terms of the operating agreement, as alleged in the fifth cause of action, though the submissions fell short of establishing Calabrese's own entitlement to judgment as a matter of law on the fifth cause of action. Thus, the Supreme Court, upon reargument, should have adhered to the prior determination in an order dated August 22, 2016, denying that branch of Calabrese's motion which was for summary judgment on the fifth cause of action, and we agree with the court's determination, upon reargument, denying that branch of AJG's cross motion which was for summary judgment dismissing that cause of action.
The Calabrese parties' remaining contentions are without merit.
In sum, we modify the order entered December 12, 2016, to the extent necessary to leave pending and unresolved, upon reargument, the fifth cause of action in the complaint in Action No. 1, as well as the seventh and eighth causes of action in the complaint in Action No. 2, and we remit the matter to the Supreme Court, Nassau County, for a trial on those causes of action and, since Action No. 2 is, in part, a declaratory judgment action, for the entry of a judgment in that action, inter alia, declaring that AJG is entitled to receive distributions in accordance with section 7.2(d) of the operating agreement (see Lanza v Wagner, 11 NY2d 317, 334).
SCHEINKMAN, P.J., CHAMBERS, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court